| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Uni-Pixel, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 75-2926437 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**4699 Old Ironsides Drive**<br>**Suite 300**<br>**Santa Clara, CA 95054**<br>Number, Street, City, State & ZIP Code<br><br>**Santa Clara**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.unipixel.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | Uni-Pixel, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__3344__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | Wholly-Owned Affiliate |
|---|---|---|---|---|---|
| Debtor | **Uni-Pixel Displays, Inc.** | | | Relationship | |
| District | **Northern** | When | **8/30/17** | Case number, if known | |

| Debtor | Uni-Pixel, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor  **Uni-Pixel, Inc.**
Name

Case number (*if known*) _____

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 30, 2017**
MM / DD / YYYY

X **/s/ Jeff Hawthorne**
Signature of authorized representative of debtor

**Jeff Hawthorne**
Printed name

Title **Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Scott H. McNutt**
Signature of attorney for debtor

Date **August 30, 2017**
MM / DD / YYYY

**Scott H. McNutt**
Printed name

**McNutt Law Group LLP**
Firm name

**219 9th Street**
**San Francisco, CA 94103-7003**
Number, Street, City, State & ZIP Code

Contact phone **415-995-8475**    Email address _____

**104696**
Bar number and State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Northern District of California

In re **Uni-Pixel, Inc.** Debtor(s)

Case No. _____
Chapter **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **1-34998**.

2. The following financial data is the latest available information and refers to the debtor's condition on **06/30/2017**.

   a. Total assets $ **9,880,000.00**

   b. Total debts (including debts listed in 2.c., below) $ **9,880,000.00**

   c. Debt securities held by more than 500 holders:

   Approximate number of holders:

   | | | | | | | | | |
   |---|---|---|---|---|---|---|---|---|
   | secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | | 0 |
   | secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | | 0 |
   | secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | | 0 |
   | secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | | 0 |
   | secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | | 0 |

   d. Number of shares of preferred stock  100  0

   e. Number of shares common stock  73,210,642  1,000

   Comments, if any:

3. Brief description of Debtor's business:
   **Design, development, manufacture, and sale of electronic components**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **None**

Official Form 201A   Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Case: 17-52100   Doc# 1   Filed: 08/30/17   Entered: 08/30/17 16:03:39   Page 5 of 11

# UNI-PIXEL, INC.

### SECRETARY'S CERTIFICATE OF BOARD OF DIRECTORS RESOLUTIONS

I, __CHRISTINE RUSSELL__, do hereby certify that I am the Secretary of Uni-Pixel, Inc., a Delaware Corporation (the "Company"), and that, as such, I am authorized to execute this certification on behalf of the Company and do further certify that:

Attached hereto as Exhibit A is a true, correct and complete copy of all resolutions of the Board of Directors (the "Board") of the Company relating to the possible filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") by the Company. All of the resolutions contained in Exhibit A have been duly adopted and ratified by the Board in accordance with its by-laws and the laws of the state of its incorporation, as compared by me with the original of such resolutions recorded in the minutes of the Company and the same have not in any way been modified, repealed, or rescinded, but are in full force and effect and such resolutions are not inconsistent with the certificate of incorporation and the by-laws of the Company.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, I hereunto set my hand on this 24 day of August 2017.

*[signature]*

[SIGNATURE BLOCK FOR SECRETARY]

[NOTARY SEAL]

# RESOLUTIONS

## OF THE BOARD OF DIRECTORS OF

## UNI-PIXEL, INC.

**WHEREAS**, the members of the Board have reviewed and are familiar with the Company's financial situation, prospects, assets, liabilities, and the interests of the creditors and equity holders of the Company.

**WHEREAS**, the Board has considered the financial and operational aspects of the Company's business and the recommendations of the Company's management, professionals, and advisors.

**WHEREAS**, the Company's primary secured lender has declared the Company in violation of certain covenants under its primary secured loans and taken steps to exercise certain of its remedies under the relevant loan documents.

**WHEREAS**, the Company is engaged in a dispute with former officers and directors regarding advancing costs in connection with litigation faced by the former officers and directors and the Company faces the possible imposition of an order of contempt in the Delaware Chancery Court and/or the possible imposition of a limited receiver.

**WHEREAS**, the Board has determined that the Company does not have the funding to continue its operations in the present configuration and believes that it may be necessary to seek protection under the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code") in order to protect and preserve value to protect the interests of creditors and stakeholders.

**WHEREAS**, the Board has determined that an orderly wind-down of the Company, including terminating the employment of all employees except a few key employees is in the best interests of the Company, its creditors, and other stakeholders.

**WHEREAS**, it appears to the Board that it is in the best interests of the Company, its creditors, and its equity holders to commence a case under the Bankruptcy Code.

**WHEREAS**, it appears to the Board that the preferred approach would be an orderly liquidation of the assets of the Company under Chapter 11 (reorganization) of the Bankruptcy Code, however, it appears that the Company may not be able to pursue that course unless the secured lender or another party provides necessary capital to fund the process.

**WHEREAS**, if the Company is unable to pursue an orderly liquidation under Chapter 11, it appears to the Board that it is in the best interests of the Company, its creditors, and its equity holders to file for Chapter 7 (liquidation) under the Bankruptcy Code.

**NOW THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that a voluntary petition be filed by the Company under the provisions of either Chapter 7 or Chapter 11 of the Bankruptcy Code, as may be warranted by the circumstances;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized to terminate the employment of all employees of the Company, provided that the Officers will make efforts to retain a limited number of key employees necessary to protect and preserve the value of the Company's assets while efforts are made to sell the assets;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, Jeff Hawthorne, the Chief Executive Officer and President of the Company is appointed, authorized, and directed to act as the "Responsible Individual" for the Company as may be required by local bankruptcy rules and fulfill all of the responsibilities of such position;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the agreements with management regarding an incentive bonus package, triggered upon completion of a sale of the Company's assets are approved and ratified, and affected management is authorized to take reasonable and appropriate steps to obtain bankruptcy court approval of such agreements;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the officers of the Company ("Officers") are, and each of them is, authorized and directed in the name of and on behalf of the Company, to execute and file on behalf of the Company, without need for further action by the Board, all petitions, schedules, lists, and other papers or documents, including a plan of reorganization or liquidation (a "Plan") and disclosure statements relating thereto, and to take any and all action which they deem necessary and proper to obtain such relief under the Bankruptcy Code, including obtaining confirmation of the Plan and approval of the disclosure statement by the bankruptcy court and thereafter consummating the Plan; and that any such actions heretofore taken by the Officers on behalf of the Company are hereby ratified, approved, and confirmed;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized, empowered, and directed to retain the McNutt Law Group LLP ("General Bankruptcy Counsel") to commence and prosecute the aforementioned bankruptcy proceeding case and to represent and assist the Company is carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including filing any pleading in the bankruptcy court;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Company's execution of retention agreements, payments of retainers, and the filing of an

application to employ General Bankruptcy Counsel in the bankruptcy case, to be filed in the bankruptcy court, is hereby ratified and approved by the Board;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized, empowered, and directed to retain Crowell & Moring LLP ("Special Counsel") to assist in the representation of the Company in the aforementioned bankruptcy case, including as special corporate counsel and specifically with regard to and in connection with the sale of all or a portion of the Company's assets or securities and any duties or obligations of the Company in connection with being a publically traded Company or other duties or obligations overseen by the Securities and Exchange Commission;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that the Company's execution of retention agreements, payments of retainers, and the filing of an application to employ Special Counsel in the bankruptcy case, to be filed in the bankruptcy court, is hereby ratified and approved by the Board;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized and empowered to retain on behalf of the Company such other professionals as the Officers determine are necessary or appropriate, upon such terms and conditions as shall be approved by such Officers in their reasonable discretion, to render services to this Company in connection with such Chapter 11 proceeding and with respect to other related matters in connection therewith;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized and empowered, to the extent necessary during the bankruptcy case, to obtain postpetition financing and use cash collateral according to the terms negotiated, or to be negotiated, by the management of the Company; and in connection therewith, the Officers are authorized and empowered to execute any appropriate agreements and related ancillary documents;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized and empowered, to the extent necessary during the bankruptcy case, to explore options and alternatives for the sale of all or a significant portion of the Company's assets and operations which, in their reasonable discretion, the Officers believe are likely to maximize value to the extent possible and protect the interests of the Company, its creditors, stockholders, and other interested parties;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized and empowered, to the extent necessary during the bankruptcy case, to seek conversion of the bankruptcy case to Chapter 7 (liquidation) if the Officers, in their reasonable discretion, believe that a sale of all or a significant portion of the Company's assets is not able to be accomplished within a reasonable time or on reasonable terms;

**FURTHER RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, the Officers are authorized and empowered, without need for further action by the Board, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their reasonable discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby and in all respects approved and ratified.

{00065337-1 }

In re **Uni-Pixel, Inc.**      Case No. _____
Debtor(s)      Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Uni-Pixel, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**August 30, 2017**      **/s/ Scott H. McNutt**
Date      **Scott H. McNutt**
     Signature of Attorney or Litigant
     Counsel for **Uni-Pixel, Inc.**
     **McNutt Law Group LLP**
     **219 9th Street**
     **San Francisco, CA 94103-7003**
     **415-995-8475 Fax:415-995-8487**