October 27, 2017

ORIGINAL

Honorable Judge M. Elaine Hammond
United States Bankruptcy Court
Northern District of California (San Jose)
Courtroom 3020
280 South First Street
San Francisco, CA 95113



**Re: Uni-Pixel, Inc., Bankruptcy Court Case 5:17-bk-52100 – Reply in Opposition to Debtor's Asset Sale Motion**

Dear Judge Hammond,

My name is Dr. Gunes K. Biray. I am a shareholder of Uni-Pixel and a retired institutional equity portfolio manager. Debtor's reply to my objection to the sale of its assets by a hasty auction include the following omissions, inaccuracies and inconsistencies:

1. Debtor was operating fully without any financial problems until August 25. This was confirmed by its executives in their conference call to the shareholders on August 10. The substantial reductions in cash, receivables and inventory from June 30 to August 30 are not consistent with the normal business operation of Debtor and its financial disclosures on August 10.

2. Debtor ignores the fact that its intellectual property, patents and technical know-how are essential part of its leading touch sensor products. Debtor seems to give zero value to these. Then, Debtor should sell only its equipment by auction. Subsequently, Debtor can reorganize with a plan that outsources manufacturing and includes only some key employees and Debtor's intellectual property assets, technical know-how, customer relationships, marketing, technology and manufacturing partnerships. This will provide substantial additional recovery to unsecured creditors and shareholders.

3. Debtor claims that its key employees have already found other jobs, therefore it could not consider going back to its business. If that is true, how can Future Tech complete the technology transfer without the support of these employees? It does not have technical know-how of Debtor's technology.

4. Debtor states that it received calls from more than ten over-bidders, and this showed the success of its sales efforts. The fact is, as a shareholder of Uni-Pixel, I personally contacted 60+ investment companies and asked them to call Debtor to bid in the auction or propose alternative reorganization plans. Obviously, Debtor substantially undervalues the enterprise value of its disruptive touch sensor technology, developed and ready for commercialization in the $4 billion flexible touch sensor market.

5. Debtor completely ignores the value of its $200 million net operating losses. A reorganization plan that captures the tax benefits through IRS regulations Section 382 (l) (5) potentially provides 100% recovery to unsecured creditors and some equity value to the shareholders.

Respectfully,

*G. Biray*
Dr. Gunes K. Biray

PS. Copies of this letter were sent by email to all persons listed in the Certificate of Service.